IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, #1002060648, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1824-N-BK |
| | § | |
| SOUTHWEST CREDIT SYSTEMS LP, | § | |
| ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Anthony Oliver, a Georgia state prisoner, filed his amended complaint against Defendants Southwest Credit Systems LP, Comcast Corporation, and Equifax Information Services LLC. Doc. 10 at 1-2. He seeks leave to proceed *in forma pauperis*. Doc. 4. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED** as barred by three strikes.

    I.    **ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or

failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)).

Oliver has accrued three strikes under Section 1915(g). Before this lawsuit was filed, district courts in Georgia, Minnesota, Arizona, and California dismissed as frivolous, or for failure to state a claim under 28 U.S.C. § 1915(e), at least four non-habeas, civil actions that Oliver filed while confined as an inmate. *See Oliver v. Kemp*, No. 1:19-CV-5014-TCB-JFK (N.D. Ga. Dec. 11, 2019); *Oliver v. Monson*, No. 0:10-CV-4218 (D. Minn. Dec. 30, 2010); *Oliver v. Reays Ranch Inv'rs*, No. 4:10-CV-0158-JMR-PSOT (D. Ariz. July 19, 2010); *Oliver v. Sloane*, No. 4:10-CV-0169 (D. Ariz. June 8, 2010); *Oliver v. Gore*, No. 3:09-CV-2505-BEN-POR (S.D. Cal. Feb. 22, 2010). In addition, at least two district courts have held previously that Oliver is barred from filing civil lawsuits by the PLRA three-strikes provision. *See Oliver v. Chex Systems, Inc., et al.*, No. 3:20-CV-030-TCB (N.D. Ga. Mar. 20, 2020); *Oliver v. Kemp*, No. 1:19-CV-5014 (N.D. Ga. Dec. 11, 2019). Further, two courts have found Plaintiff to be a vexatious litigant and imposed a series of restrictions on his ability to file future frivolous lawsuits. *See Oliver v. City of Pooler, et al.*, No. 4:18-CV-100, Civ. Doc. 59 (S.D. Ga. Feb. 28, 2019); *Oliver v. Lyft, Inc.*, No. 4:19-CV-063, Civ. Doc. 115 (S.D. Ga. Oct. 21, 2019).[1]

Having accumulated three "strikes," section 1915(g) precludes Oliver from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical

---

[1] As summarized in the November 20, 2019 *U.S. Magistrate Judge's Final Report and Recommendation* in *Oliver v. Kemp*, No. 1:19-CV-5014, Oliver's prison numbers include the following: Chatham County Detention Center number 2019040074, GDC ID 1002060648, and California Correctional number AA-9551.

injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

Here, Oliver sues Southwest Credit Systems, L.P., Comcast Corporation, and Equifax Information Services, LLC, for violating the Fair Credit Reporting Act. Doc. 10 at 1-2, 10-12. Even when liberally construed, however, Oliver's original and amended complaints are wholly devoid of any allegation of imminent danger of serious physical injury. Doc. 3 at 1-15; Doc. 10 at 1-16. Oliver is thus barred from proceeding *in forma pauperis* under section 1915(g).

## II.    CONCLUSION

Accordingly, this civil action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to Oliver refiling an *in forma pauperis* lawsuit raising the same claims as presented here, but without prejudice to him refiling this lawsuit with full payment of the $402.00 filing fee (which includes a $52.00 administrative fee).

**SO RECOMMENDED** on September 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).